# EXHIBIT A



**NEW YORK**
STATE OF
OPPORTUNITY.

# Department of Financial Services

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK

Supreme Court, County Of Kings

511889/2025

Amit Itshaik and 118Indiana Place, LLC                    Plaintiff(s)

against

Defendant(s)

Chubb National Insurance Company

RE :Chubb National Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons & Verified Complaint Electronic Filing in the above entitled action on April 15, 2025 at Albany, New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    Agulnick Kremin PC
    Scott E. Agulnick, Esq.
    510 Broadhollow Road - Suite 303
    Melville, New York 11747

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    Mohamed Dansoko
    Chubb National Insurance Company
    c/o CT Corporation System 28 Liberty Street
    New York, New York 10005

**Rawle Lewis**
**Director of Producer Licensing**

Dated Albany, New York, April 18, 2025
  770498        alic0tgw

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-------------------------------------------------------------------**x**
AMIT ITSHAIK and 118 INDIANA PLACE, LLC

                         Plaintiff/Petitioner,

        - against -                      Index No. 511889/2025
CHUBB NATIONAL INSURANCE COMPANY

                     Defendant/Respondent.
-------------------------------------------------------------------**x**

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

### You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

           • serving and filing your documents electronically

           • free access to view and print your e-filed documents

           • limiting your number of trips to the courthouse

           • paying any court fees on-line (credit card needed)

### To register for e-filing or for more information about how e-filing works:

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: April 9, 2025

Scott E. Agulnick
    Name
Agulnick Kremin P.C

    Firm Name

510 Broadhollow Road, Suite 303
        Address

Melville, NY 11747

718-352-4800
        Phone

sagulnick@agulnickkremin.com
        E-Mail

To:    Chubb National Insurance comp

    202B Hall's Mill Road

    Whitehouse Station, NJ 08889

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

AMIT ITSHAIK and 118 INDIANA PLACE, LLC,

                                 Plaintiffs,

                -against-

CHUBB NATIONAL INSURANCE COMPANY,

                               Defendant.

-----------------------------------------------------------------X

Index No. 518889/2025

Date Filed:

**SUMMONS**

Plaintiffs designate Kings County. The basis of the venue designated is residence of Plaintiffs.

Plaintiffs' address:

118 Indiana Place
Brooklyn, New York 11234

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney an answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated:      Melville, New York
              April 8, 2025

                                  Yours, etc.

                                  **AGULNICK KREMIN P.C.,**

                                  By: _____

                                     Scott E. Agulnick, Esq.
                                    *Attorney for Plaintiffs*
                                    **AMIT ITSHAIK and**
                                    **118 INDIANA PLACE, LLC**
                                    510 Broadhollow Road, Suite 303
                                    Melville, New York 11747

Tel: (718) 352- 4800
Fax: (718) 732- 2110

Defendant's Address:

CHUBB NATIONAL INSURANCE COMPANY

202B Hall's Mill Road,
Whitehouse Station, NJ 08889

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
AMIT ITSHAIK and 118 INDIANA PLACE, LLC,

                Index No.

                Plaintiffs,

           -against-                **VERIFIED**
                                     **COMPLAINT**

CHUBB NATIONAL INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------------X

      Plaintiffs **AMIT ITSHAIK and 118 INDIANA PLACE, LLC**, by their attorneys,

**AGULNICK KREMIN P.C.**, for the Verified Complaint against the Defendant CHUBB

NATIONAL INSURANCE COMPANY, alleges as follows:

### THE PARTIES

    1.    That Plaintiff AMIT ITSHAIK is an individual with a residence at 118

Indiana Place, Brooklyn, New York 11234, in the County of Kings and State of New York.

    2.    118 INDIANA PLACE, LLC is a domestic limited liability company

formed under the laws of the State of New York with its principal place of business located

118 Indiana Place, Brooklyn, New York 11234 (the "Subject Property) in the County of

Kings, City and State of New York.

    3.    That Defendant CHUBB NATIONAL INSURANCE COMPANY

(hereinafter "CHUBB" or "Insurance Company") is a domestic corporation duly organized

and existing under the laws of the State of New Jersey with its principal offices located at

202B Hall's Mill Road, Whitehouse Station, NJ 08889.

4.     Defendant CHUBB, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of liability and casualty insurance, including homeowner's insurance coverage in the State of New York, with offices for the transaction of business located within the State of New York.

5.     Plaintiffs own and/or have an insurable interest in the Subject Property, fixtures, and certain contents therein.

6.     Plaintiffs bring this action against Defendant CHUBB with regard to the Defendant CHUBB's failure to fully indemnify Plaintiffs for their insurance claim following a property damage loss at 118 Indiana Place, Brooklyn, New York 11234, which occurred suddenly and accidentally on or about October 18, 2024 (the "Loss"), the facts and circumstances being more fully set forth below.

7.     The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Kings, State of New York.

## RELEVANT FACTS

### *The Insurance Policy*

8.     That Defendant Insurance Company, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number 001386244402 (hereinafter referred to as the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the property up to the limits contained therein, and which was in effect the date of the loss. The policy was signed by the authorized agents of CHUBB, its subsidiary, and/or agent.

9.    Pursuant to the policy, Defendant CHUBB, its subsidiary, and/or agent agreed to insure the Plaintiffs, on all risk basis subject to the exclusions in the Policy.

### The Damage

10.    On or about October 18, 2024, the Property was damaged as a result of high impact and high vibration activities from a construction site adjacent to and/or in close proximity to the Property.

11.    That as a result of the aforesaid significant damage to the Subject Property in an amount to be determined at trial, but estimated to be in excess of one million dollars ($1,000,000.00) (hereinafter the "Loss").

12.    By reason of the above-mentioned occurrence, Plaintiffs have sustained a direct physical loss covered under the terms of the Policy.

### The Insurance Claim

13.    Defendant CHUBB, its subsidiary, and/or agent, was notified of the subject loss as soon thereafter as was practicable and a claim was opened (the "Claim").

14.    Plaintiffs have submitted to Defendant Insurance Company's request for a complete investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by defendant.

15.    Plaintiffs have satisfied all conditions precedent to the instant suit.

16.    At all times mentioned, Plaintiffs have not obtained any other insurance upon the described property.

17.    By reason of Defendant Insurance Company's contractual undertaking to Plaintiffs, pursuant to the Policy, to properly evaluate and pay claims thereunder to the

extent of Plaintiffs' loss up to the limits prescribed by the Policy, CHUBB owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

18.     In accordance with the aforesaid duties of good faith and fair dealing, CHUBB was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiffs rights deriving from his contractual relationship with CHUBB under the Policy.

19.     That despite their duties of good faith and fair dealing, Defendant CHUBB'S Denial the substantive Claim, and otherwise disregarded the Plaintiffs actual rights under the Policy.

### The Denial and Bad Faith

20.     That on or about December 6, 2024 Defendant repudiated coverage for the Claim and breached the Policy by way of letter dated January 14, 2025 (the "Denial Letter"), A copy of said Denial Letter is annexed hereto and incorporated by reference herein as **"EXHIBIT A"**.

21.     That the Denial Letter was in bad faith, citing frivolous, self-serving and specious grounds, all of which were devoid of logic and good faith, and without consideration for proper efficient proximate cause analysis or certain ambiguities which exist in the Policies.

22.     That Defendant's Denial, conduct, and refusal to indemnify Plaintiffs amounts to a complete disregard for the Plaintiffs' rights under the policy.

23.     In addition to the foregoing, the Denial Letter and the denial of the Claim is predicated upon a report from John Flynn, PE, of LGI Forensic Engineers ("Flynn"), an

engineer beholden to the insurance company community and whose reports are almost exclusively in favor of no coverage, as will be more fully discussed below.

24.     That the expectation of a reasonable insured is that their claim and the investigation analysis will be performed in a good faith manner and consider all aspects of the Policy and its provisions.

25.     That insurance companies, such as CHUBB, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

26.     That insurance companies, such as CHUBB, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

27.     That insurance companies, such as CHUBB, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

28.     That insurance companies, such as CHUBB deceptively undertake a scheme to employ licensed professional engineers, like Flynn whose professional existence is so intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

29.     By, *inter alia,* failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and the aforesaid conduct, despite legal precedent, statutory authority, and/or contractual obligations, CHUBB acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

30.     Furthermore, CHUBB, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

31.     The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives; and conduct by insurers, their agents and representatives. Deviating from the following is deemed unfair claim settlement practice thereunder:

> (a)     Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

> (b)     Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

> (c)     Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

> (d)     Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

32.     Notwithstanding the foregoing, CHUBB continued to seek only grounds for denial, based upon nothing other than a bad faith misinterpretation of the policy language and facts, and a complete and knowing disregard for the language of the policy and relevant facts, or the fact that a reasonable and typical policyholder would believe there is coverage based upon the language therein and the circumstances of the loss.

33.     The aforesaid actions and CHUBB'S *modus operandi* of seeking, from the outset of a claim being filed, any conceivable, although specious, basis for denial of property and casualty claims or parts thereof, both with and without the use of complicit

engineers, have not only caused injury to Plaintiffs, but have the potential to harm the public at large.

34.     CHUBB'S actions toward Plaintiffs are part of a pattern and practice by CHUBB to sell insurance policies to property owners, and then subsequently take the position that, under its latest interpretation or based upon its purported investigation, there is or may be no coverage, effectively denying, reducing, or hindering the processing of legitimate claims.

35.     CHUBB regularly denies otherwise legitimate claims, setting forth frivolous grounds for the denial, that are contrary to fact, common sense, and causation.

36.     CHUBB'S outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest refusal to carry out their contractual obligations.

37.     The Defendant CHUBB NATIONAL INSURANCE COMPANY has failed to and/or refused to fully indemnify the Plaintiff(s) for their total loss in an amount, with the outstanding amounts to be determined at the time of trial but believed to be in excess of one million, one hundred thousand dollars ($1,100,000.000), although a demand has been made.

**AND AS FOR A FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

38.     Plaintiffs repeat and re-allege all allegations previously set forth in the instant complaint as if more completely and fully set forth herein.

39.     By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and based upon their conduct as set forth above, CHUBB

breached its obligation under the Policy with regard to the loss at the property as well as their duty of good faith and fair dealing.

40. As a result of CHUBB NATIONAL INSURANCE COMPANY's breach, Plaintiffs have been damaged in an amount to be determined at the time of trial but believed to be in excess of one million, one hundred thousand dollars ($1,100,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss.

41. As a further result of Insurance Company's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the <u>Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York</u> line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00) .

42. That consequential damages were at all times foreseeable; in that it is foreseeable that an insured will suffer additional losses when the defendant denies or improperly minimizes a claim in bad faith.

43. That it was both expected and foreseeable that Plaintiffs will sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential further damage, in additive to the Subject Property, all in addition to the loss of benefits expected under the Policy.

## AND AS FOR A SECOND CAUSE OF ACTION
## VIOLATION OF GENERAL BUSINESS LAW § 349

44.     Plaintiffs repeat and re-allege all allegations set forth in the instant Verified Complaint as if more completely and fully set forth herein.

45.     In addition to the foregoing, Insurance Company, and its agents, servants and/or employees, are prohibited from engaging in deceptive acts and practices pursuant to General Business Law § 349 of the State of New York.

46.     Moreover, General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

47.     Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York by way of its deceptive and disingenuous investigation of the Loss which was predetermined to result in a denial of coverage and the Denial Letter.

48.     That part and parcel to the majority of insurance claims within the State of New York, including Plaintiffs' is the evaluation with regard to coverage which accounts for the actual provisions of the Policy.

49.     That the expectation of a reasonable insured is that their claim and the causation analysis will be performed in a good faith manner.

50.     That insurance companies, such as CHUBB, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

51.     That insurance companies, such as CHUBB, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

52.     That insurance companies, such as CHUBB, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

53.     That insurance companies, such as CHUBB, deceptively undertake a scheme to employ licensed professional engineers whose professional existences is so intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

54.     That here, consistent with their scheme to deceive policyholders during the handling and determination of the claim. Defendant CHUBB retained Flynn.

55.     That Flynn and LGI Forensic Engineers derive a substantive portion of their revenue from insurance companies.

56.     That the substantial pecuniary interest that Flynn and LGI Forensic Engineers, and similarly situated engineers, have to the insurance industry translates into biased, conclusory, and self-serving coverage analysis, and without regard to the carrier's burden.

57.     That the result of the foregoing is that the supposed good faith investigations by Defendant CHUBB are not good faith at all, but a deceptive and shameful conspiracy to deprive policyholders the benefits of their policies.

60.     That Flynn rarely produce purported "opinions" which are consistent with coverage, as part of this deceptive claims practices by Defendant CHUBB and other insurers.

61. That the foregoing scheme is not isolated to the instant claim but affects nearly every properly and casualty policy in New York and a large numbers of claims in New York.

62. The purpose of General Business Law § 349 is to prevent deceptive consumer practices in New York.

63. That the foregoing deception does not consist solely of Defendant's flawed investigation or failures, but rather their overtly orchestrated attempt to avoid coverage by proffering contrived, disingenuous, and specious engineering reports to their insureds.

64. The foregoing deceptive is akin to an insurance company retaining a medical testing company to falsify results, so as to avoid claims under the relevant policies.

65. Every policyholder in New York has an interest when insurance carriers, such as CHUBB act in concert with purported forensic engineers who actually stand to potentially lose business and revenue if those engineer's find in favor of insureds on any regular basis.

66. Every policyholder in New York has in interest if the pattern and practice and claims handling process is so tainted from the start by way of conspiracy with industry loyal engineers that the policy is rendered worthless to the insured.

67. That this type of abhorrent conduct is not unique to the Plaintiffs' Loss but is a pattern and practice of the Insurance Company calculated to avoid substantive payments to insureds and deter such insureds from pursuing their proper claims further.

68. Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York, as is evidenced by the foregoing conduct and deceptive claims handling.

69.    The aforementioned actions, policies, patterns of conduct, and failures by Defendant have not only caused injury to Plaintiffs, but have the potential to harm the public at large, and most insureds of Defendant, if not all, will have some engineering involvement and/or analysis in the event there is a claim.

70.    As a result of the aforesaid violations of General Business Law § 349 of the State of New York, Plaintiffs have been damaged in an amount to be determined at trial but believed to be in excess of one million, one hundred thousand dollars ($1,100,000.00), plus appropriate interest.

71.    As a further result of Insurance Company's violations of General Business Law § 349 of the State of New York, Plaintiff is entitled to attorneys' fees.

## AND AS FOR A THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

77.    Plaintiff(s) repeats and re-alleges all allegations in the instant Verified Complaint as if more completely and fully set forth herein.

78.    The rights, status and other legal relations to Plaintiffs and Insurance Company are uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and controversy that have given rise to this proceeding.

79.    That Plaintiffs' legally protectable interest under the Policy is present and such interest is directly at issue, by virtue of Defendant's failure to pay the Claim.

80.    A very real and justiciable controversy exists to which Plaintiffs have no adequate or alternative remedy, including certain benefits under the Policy to which Plaintiff is entitled.

81.     That Plaintiffs seek and is entitled to a declaratory judgment against CHUBB setting forth that CHUBB is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above- referenced Policy as it/they pertains to the subject Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property.

**WHEREFORE**, Plaintiffs **AMIT ITSHAIK and 118 INDIANA PLACE, LLC,** demands judgment against Defendant CHUBB NATIONAL INSURANCE COMPANY, as follows:

a.     Under the FIRST Cause of Action, as against Defendant CHUBB NATIONAL INSURANCE COMPANY, damages in an amount to be determined at trial but believed to be in excess of one million, one hundred thousand dollars ($1,100,000.00) dollars, plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00);

b.     Under the SECOND Cause of Action, as against Defendant CHUBB NATIONAL INSURANCE COMPANY, damages in an amount to be determined at trial but believed to be in excess of one million, one hundred thousand dollars ($1,100,000.00) dollars, plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus attorneys' fees pursuant to statute;

c.    Under the THIRD Cause of Action, a Declaratory Judgement setting forth

that Plaintiff(s) seek and is entitled to a declaratory judgment against CHUBB NATIONAL

INSURANCE COMPANY setting forth that CHUBB is now and continues to be bound

by, must abide by, and must perform in accordance with all covenants, provisions, forms,

and endorsements as set forth in the above- referenced Policy as it/they pertains to the

subject Loss, and must make payment for the subject Loss to the full extent of the policy

limits, comply with appraisal if demanded to resolve dispute over the amount and scope for

the Loss, and make payment of recoverable depreciation upon completion of repair or

replacement of any damaged property;

d.    Costs, expenses, and disbursements;

e.    Such further relief as This Court deems just and proper.

Dated:        Melville, New York
              April 8, 2025

                                        Yours, etc.

                                        **AGULNICK KREMIN P.C.,**

                                        By:    _____

                                                Scott E. Agulnick, Esq.
                                                *Attorney for Plaintiffs*
                                                **AMIT ITSHAIK and**
                                                **118 INDIANA PLACE, LLC**
                                                510 Broadhollow Road, Suite 303
                                                Melville, New York 11747
                                                Tel: (718) 352- 4800
                                                Fax: (718) 732- 2110
                                                Email: Sagulnick@AgulnickKremin.com

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing VERIFIED SUMMONS and COMPLAINT and, upon information and belief, believe the contents thereof to be true. The basis of my belief is a review of the file maintained in my office. The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated:      Melville, New York
            April 8, 2025

                                         _____
                                         SCOTT E. AGULNICK, ESQ.

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

AMIT ITSHAIK and 118 INDIANA PLACE, LLC,

                        Plaintiffs,

            -against-

CHUBB NATIONAL INSURANCE COMPANY,

                        Defendant.

## VERIFIED SUMMONS AND COMPLAINT

### AGULNICK KREMIN P.C.
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
310 Broadhollow Road, Suite 303
Melville, New York 111747
Tel:    (718) 352- 4800
Fax:    (718) 732- 2110
Email: Sagulnickkremin@AgulnickKremin.com
**"WE DO NOT ACCEPT SERVICE BY FAX OR EMAIL"**

### Certification pursuant to 22 NYCRR 130-1.1(a)
It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

April 8, 2025
Dated                                    SCOTT E. AGULNICK, ESQ.

Service of a copy of the within                         is hereby **admitted**

...................................................................
                        Attorney(s) for

# EXHIBIT "A"

CHUBB®

Chubb North America Claims
P.O. Box 716
Portland, ME 04104

O: (800) 252-4670
F: (800) 664-5358
E: USPropertyClaims@chubb.com

January 14, 2025

Amit Itshaik & 118 Indiana Place, LLC
118 Indiana Place
Brooklyn, NY 11234

Re:  Insured:            Amit Itshaik & 118 Indiana Place, LLC
     Claim Number:       076924306075
     Policy Number:      001386244402
     Loss Location:      118 Indiana Place
                         Brooklyn, NY 11234
     Date of Loss:       October 18, 2024
     Insurance Company:  Chubb National Insurance Company

Dear Amit Itshaik,

This letter will serve to notify you that Chubb National Insurance Company ("Chubb") is re-affirming the denial of this claim. The original denial was based on the investigation and information submitted by John P. Flynn, P.E. of LGI Forensic Engineering, P.C. in a report dated December 3, 2024.

Subsequent to the denial letter issued on December 6, 2024 by Chubb, we received documentation from you including an engineering report dated December 10, 2024 from John J. Natoli, P.E. This documentation was immediately sent to Mr. Flynn for review and comment. Two addendum reports dated December 18 and 27, 2024 were issued by Mr. Flynn. The reports did not alter Chubb's coverage decision.

A meeting between the engineers occurred on January 8, 2025 for a joint inspection. Mr. Flynn completed a third addendum which is dated January 14, 2025 and is attached for your reference. After a review of this report, we have re-evaluated our coverage position and hereby re-affirm the previous denial of this claim. Mr. Flynn's conclusions on his addendum report are as follows:

> "The re-inspection of the house provided no information or data that would change the opinion of the undersigned that the cracks in the floors were unrelated to any street-level construction activity. The inspections of the house revealed, within a reasonable degree of engineering certainty, that the cracks in the flooring had pre-dated the construction activity and that the cracking had developed due to the manner by which the radiantly heated floors had been constructed. Cracks had occurred as a result of temperature change, shrinkage, and/or the manner and materials used to bond the porcelain floor tiles to the concrete floor slabs. The floor tiles had experienced internal tension forces that caused the development of the hairline cracks. No short-term or vibration-related damage existed in the walls, ceilings or floors of the house. Additional floor tile cracking can be expected to occur, particularly in the living room on the second floor level where evidence of tile distress was observed to exist (as indicated in a previous inspection report)."

We have re-evaluated our coverage position and hereby re-affirm the previous denial of this claim based on the third addendum report from Mr. Flynn. A copy of Mr. Flynn's third addendum report is attached for your reference.

Please be advised that we remain willing to review any new information that was not previously provided, which you feel may change our current position. In this respect, please provide any such information as soon as possible for our review.

To the extent you would like us to review any new relevant information; Chubb National Insurance Company does not waive any of its rights or defenses and expressly reserves all such rights and defenses.

Please note that even though Chubb National Insurance Company has only discussed certain portions of your policy in this letter, we do not mean to waive any other provisions in the policy not referenced here, or any of our other rights. Nothing which Chubb National Insurance Company may have done prior to this letter, or may do subsequently, in connection with the investigation of the circumstances surrounding this loss or the adjustment of this loss should be construed or considered in any way as a waiver of any of Chubb National Insurance Company's rights or defenses. Chubb National Insurance Company further reserves the right to bring to your attention any additional contractual or legal defenses for any other potential claims under the policy which may be warranted by the facts.

Should you wish to take this matter up with the New York State Department of Financial Services, you may file a complaint with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or by writing to the Consumer Assistance Unit, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or 535 Washington Street, Suite 305, Buffalo, NY 14203.

For your protection, state law require that we inform you of the following: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

If you believe our decision is made in error or without consideration of additional facts or information of which we are not presently aware, please notify the undersigned and provide any additional information and documentation for our further review. Upon receipt of such information, we will gladly review our coverage position and provide you with an additional explanation. I can be reached at (516) 314-0791 or rtrefcer@chubb.com.

Sincerely,

*Robert Trefcer*

Robert Trefcer
Senior Claims Specialist
Chubb National Insurance Company
(516) 314-0791 Phone
(800) 664-5358 Fax
Rtrefcer@chubb.com

cc:      G L N Worldwide LTD - 555
          P.O. Box 1625
          Whitehouse Station, NJ 08889



# NYSCEF Confirmation Notice

## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 04/08/2025 05:11 PM. Please keep this notice as a confirmation of this filing.

**511889/2025**

**AMIT ITSHAIK et al v. CHUBB NATIONAL INSURANCE COMPANY**

**Assigned Judge: None Recorded**

---

### Documents Received on   04/08/2025 05:11 PM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |
| 2 | EXHIBIT(S) A |

---

### Filing User

SCOTT E AGULNICK | sagulnick@agulnickkremin.com | 718-352-4800
510 Broad Hollow Road Suite 303, Melville, NY 11747

---

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 04/08/2025 05:11 PM:

**SCOTT E AGULNICK - sagulnick@agulnickkremin.com**

---

### Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Defendant / Respondent | CHUBB NATIONAL INSURANCE COMPANY | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1